IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>MVM, INC.,<br>6401 Security Blvd.<br>Woodlawn, MD 21207<br><br>Defendant. | **COMPLAINT AND JURY TRIAL DEMAND**<br><br><br><br>Civil Action No. |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and religion and to provide appropriate relief to Kelvin Davis ("Davis"), who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant MVM, Inc. ("Defendant" or "MVM") unlawfully discriminated against Davis by subjecting him to a hostile work environment on the basis of race (Black); denying him a religious accommodation because of his religion (Muslim); retaliating against him by rescinding his prior religious accommodation, subjecting him to heightened scrutiny and issuing to him unwarranted discipline, and harassing him; and constructively discharging him in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant has continuously been a California corporation doing business in the State of Maryland and the County of Baltimore, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Davis filed a charge of

discrimination with the Commission alleging violations of Title VII by Defendant.

7. On April 17, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 14, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least September 25, 2015, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a)(1). The unlawful employment practices include:

    a) subjecting Davis to a hostile work environment based on his race (Black);

    b) denying Davis a religious accommodation for his religion (Muslim);

    c) retaliating against Davis by rescinding his religious accommodation, subjecting him to heightened scrutiny, issuing to him unwarranted discipline, and harassing him for engaging in protected activity; and

    d) constructively discharging Davis.

13. Defendant is a diversified security services firm that employs security guards.

Defendant's grooming policy restricts facial hair to no longer than one-quarter of an inch. Davis is a practicing Muslim who observes his faith by wearing a beard. Defendant hired Davis in August 2014 and granted him a waiver of its grooming policy as a religious accommodation. Davis maintained his beard while working for Defendant for approximately one year without incident.

14. On or about September 25, 2015, Davis' supervisor called him a "nigga." Davis complained to management, but no corrective action was taken.

15. On September 26, 2015, Davis' supervisor and two members of management demanded that Davis shave his beard and threatened that if he failed to do so, he would lose his job. Fearful that he would be discharged if he did not compromise his religious beliefs, Davis shaved his beard.

16. On October 7, 2015, Defendant subjected Davis to heightened scrutiny by disciplining him for arriving to work two minutes late, something other employees often did with impunity. On October 8, 2015, Defendant again disciplined Davis for allegedly violating his post orders and unauthorized use of government property after falsely accusing him of taking an unscheduled break in an unauthorized area.

17. On October 15, 2015, Defendant issued to Davis a disciplinary action with a one-day unpaid suspension. It further threatened that Davis' file was still under review and that he could be subjected to additional discipline up to and including termination.

18. Fearful that a termination would render him ineligible for a security clearance – a prerequisite for employment on security-related government contracts – Davis resigned, stating that he was unable to continue working under such conditions.

19. The effect of the practices complained of above has been to deprive Davis of equal

employment opportunities and otherwise adversely affect his status as an employee because of his race (Black), religion (Muslim), and for engaging in protected activity.

20. The effect of the practices complained of above has been to deprive Davis of equal employment opportunities and otherwise adversely affect his rights under the Title VII resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of his race (Black), religion (Muslim), and for engaging in protected activity.

21. The unlawful employment practices complained of above were intentional.

22. The unlawful employment practices complained of above were done with malice or with reckless indifference to Davis' federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting employees to a hostile work environment based on race, refusing to reasonably accommodate religious practices, subjecting to retaliation, including retaliatory harassment, individuals who oppose its unlawful employment practices or otherwise engage in protected activity, and constructively discharging employees in violation of Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Davis by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.   Order Defendant to make whole Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.   Order Defendant to make whole Davis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.   Order Defendant to pay Davis punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

G.   Grant such further relief as the Court deems necessary and proper in the public interest; and

H.   Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

_____
CHIOMA CHUKWU
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-2221 (fax)
Chioma.Chukwu@eeoc.gov

7