2017 OCT 16 PM 4:37

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) MVM, INC., ) ) Defendant. ) ) ) | Civil Action No. 1:17-cv-02025 CCB |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant MVM, Inc. ("MVM" or "Defendant"), alleging that it violated Sections 703(a)(1) and 704(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a), by subjecting Kelvin Davis to a hostile work environment on the basis of race (Black); denying him a religious accommodation because of his religion (Muslim); retaliating against him by rescinding his prior religious accommodation, subjecting him to heightened scrutiny and issuing to him unwarranted discipline, and harassing him; and constructively discharging him in violation of Title VII. Nothing in this Decree shall be construed as an admission by MVM of any liability.

The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII. The Court has examined this Decree and finds that it is

reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Kelvin Davis (Charge No. 531-2016-00113C). This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit. Nothing in this Decree shall apply to pending Charges before the Commission or pending legal actions filed by the Commission. The terms of this Decree shall apply to Defendant's Social Security Administration's Woodlawn Campus where Kelvin Davis was employed.

2. The Decree shall be in effect for a period of four (4) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of four (4) years, the duration of the Decree may be extended.

3. This Decree, being entered with the consent of the parties, shall not constitute an adjudication or finding on the merits of the case.

### Relief to Kelvin Davis

4. Within ten (10) business days after the entry of this Decree, Defendant shall pay Davis a total of $135,000.00, representing $65,879.15 in back pay, plus interest, and $69,120.85 in compensatory damages, to resolve this action. Within five (5) business days of the

execution of the Decree, the EEOC shall provide Defendant with Davis' current address. The check will be sent directly to Davis. A photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201. Defendant shall issue to Davis an IRS Form 1099 to document the compensatory damages and an IRS W-2 form to document the backpay on or before the date required by the Internal Revenue Service for the 2017 tax year.

5. All future reference checks (both written and oral) and letters of reference will provide the following information: Davis' name, dates of employment, job title(s), job duties, and salary (if requested) and where additional information is requested, state that Defendant's policy is to provide and/or confirm only the information provided in this paragraph. All requests for references shall be directed to MVM's Director of Human Resources, 44620 Guilford Drive, Suite 150, Ashburn, Virginia, 20147.

### Injunctive Relief

6. Defendant is enjoined from discriminating against any person based on race or religion. The prohibited discrimination includes, but is not limited to, subjecting employees to disparate terms and conditions of employment, subjecting them to a hostile work environment, denying them religious accommodations and constructively discharging them based on their race or religion. Such discrimination violates Title VII, which, in part, is set forth below:

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . race . . .[or] religion. . . .

42 U.S.C. § 2000e-2(a)(1).

7. Defendant is further enjoined from subjecting to retaliation, including retaliatory harassment, individuals who oppose its unlawful employment practices or otherwise engage in protected activity. Such discrimination violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer –
>
> to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
>
> 42 U.S.C. § 2000e-3.

## Written Policies & Procedures

8. Within thirty (30) business days of the entry of this Decree, Defendant will create, implement, and maintain a stand-alone anti-discrimination policy prohibiting discrimination on the basis of race and religion, and update its handbook to include the same. The policy shall define and provide examples of the discrimination prohibited by Title VII on these protected bases. It shall set forth, at a minimum, an employer's obligation to accommodate an employee's religious beliefs or practices in accordance with Title VII.

9. Within thirty (30) business days of the entry of this Decree, Defendant will create, implement, and maintain a policy regarding the handling of discrimination complaints. The policy shall outline the procedures for making formal and informal complaints of discrimination and retaliation. The policy shall also require Defendant's prompt investigation into formal and informal complaints of discrimination and retaliation.

10. Defendant will post a copy of the written policies and procedures described in paragraphs 8 and 9 above to all employees on Defendant's internal human resources portal, to which all employees have access, within forty-five (45) business days of the entry of

this Decree, and shall distribute a copy of the written policies and procedures to all employees hired thereafter within five (5) business days of the commencement of their employment in accordance with the Company's standard method of distribution.

### Notice and Posting

11. Within ten (10) business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30 in each of its facilities and in each location where notices to employees are customarily posted.

12. Within thirty (30) business days of the entry of this Decree, Defendant will post and cause to remain posted onsite at its Woodlawn campus in a place visually accessible to employees, including supervisors and managers, a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by an officer of Defendant. This Notice shall be posted and maintained for the duration of the Decree and shall be signed by an officer of Defendant with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. Within ten (10) business days of posting the Notice, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice and written certification that the Notice has been posted and a statement of the location(s) and date of posting.

### Anti-Discrimination Training

13. Within three (3) months from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant shall provide two (2) hours of training in federal laws prohibiting discrimination, with an emphasis on what constitutes racial harassment

and religious discrimination, including an employer's obligation to accommodate religious practices under Title VII, and retaliation in employment to all personnel working on Defendant's contract with the Social Security Administration. The training shall include a review of Defendant's policies created, implemented, and maintained pursuant to paragraphs 8 and 9 of this Decree, including where the policies are stored (Defendant's internal human resources portal). The initial training sessions pursuant to this Decree shall be in-person training, and the subsequent training shall be by electronic program.

    a.     The initial in-person training shall be conducted by an individual not employed by Defendant with anti-discrimination employment law experience selected by Defendant and approved by the EEOC. The content of the anti-discrimination training shall be approved by the EEOC no less than fourteen (14) business days prior to the training.

    b.     Within ten (10) business days of completing this training, Defendant will furnish the EEOC with a signed attendance list, the date(s) and duration of training, an outline of the training conducted, and a statement signed by an officer of Defendant confirming that MVM conducted the training in question.

    c.     Beginning two (2) months after the date the Consent Decree is fully executed, Defendant's new hires on Defendant's Social Security Administration contract shall receive such training, on an electronic basis, within four (4) months of the hire's first day of work.

### Additional Monitoring Provisions

14.     Every six (6) months following the entry of this Consent Decree, and continuing throughout the duration of the Decree, Defendant will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The report will

include the following information with respect to Defendant's Social Security Administration worksite:

> Copies of any formal or informal complaints of religious discrimination, racial harassment or retaliation made by any employee or applicant, including but not limited to internal complaints, administrative charges, and lawsuits, and for every complaint, whether oral or written, the name of the complainant, and a detailed explanation of Defendant's actions taken in response to the complaint, including any investigative and corrective measures taken.

15. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's Social Security Administration worksite, its records, and interviews with employees at reasonable times. Upon five (5) business days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC and employees sought to be interviewed by the EEOC.

16. All materials required by this Decree to be sent to the EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Chioma Chukwu, Trial Attorney
> 10 S. Howard Street, 3rd Floor
> Baltimore, Maryland 21201

17. In the event the Commission believes Defendant has failed to comply with any provision of this Decree, the Commission shall:

    a. Notify Defendant in writing of the alleged non-compliance by email and regular U.S. mail addressed to Chris McHale, Esq., MVM, Inc., 44620 Guilford Drive, Suite 150, Ashburn, VA, 20147, mchalec@mvminc.com;

    b. Defendant shall within thirty (30) days of service of the written notice respond to the allegations of non-compliance by email and regular U.S.

mail addressed to Trial Attorney Chioma Chukwu in accordance with Paragraph 16 above;

c. Afford Defendant at least sixty (60) days after service of the written notice to remedy the alleged non-compliance before seeking any judicial relief; and

d. Meet and confer with Defendant within the sixty (60) day period identified in Paragraph 17(c) after service of the written notice, and, if unsuccessful in the meet and confer, file with the Court a motion to correct and remedy the breach following the sixty (60) day period in Paragraph 17(c).

18. The Commission and Defendant shall bear their own costs and attorneys' fees.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR PLAINTIFF:

James L. Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____/s/_____
Debra M. Lawrence

FOR DEFENDANT:

Jason Branciforte
LITTLER MENDELSON P.C.
815 Connecticut Avenue, NW,
Suite 400
Washington, DC 20006
Phone 703.395.7210
jbranciforte@littler.com

Regional Attorney

_____/s/_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

_____/s/_____
Chioma Chukwu
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201

**SO ORDERED THIS  16th  DAY OF OCTOBER, 2017.**

_____/s/ CCB_____
**CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE**

# EXHIBIT A



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND MVM, INC.

This Notice is posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission (EEOC) against MVM, Inc.("MVM") in the United States District Court for the District of Maryland (*EEOC v. MVM, Inc.*, Civil Action No. 1:17-cv-02025 CCB). The EEOC brought this action to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, which prohibits employment discrimination based on sex, race, color, national origin, and/or religion. Title VII also prohibits retaliation against individuals who have complained of or opposed discrimination. Unlawful discrimination can take the form of harassment based on one of these protected categories.

**MVM WILL NOT engage in any acts or practices made unlawful under Title VII.**

**MVM WILL NOT tolerate racially offensive comments or conduct in the workplace.**

**MVM WILL ensure that employees are allowed reasonable adjustments to the work environment that will allow them to practice their religion.**

**MVM WILL NOT retaliate against any individual for complaining of or opposing discrimination.**

Employees or job applicants should report instances of discriminatory treatment to a supervisor, manager, or human resources [Insert phone number]. MVM has established policies and procedures to promptly investigate any such reports and to protect the person making reports from retaliation.

Individuals are also free to make complaints of employment discrimination directly to the EEOC's Baltimore Field Office, 10 South Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 866-408-8075 / TTY 800-669-6820. General information may also be obtained on the Internet at www.eeoc.gov.

_____
Officer, MVM, Inc.
Date Posted: